UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BILL HERRON,                        )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    No. 4:06CV627(CDP)
                                    )
RON ELKINS, et al.,                 )
                                    )
            Defendants.             )

### ORDER AND MEMORANDUM

This matter is before the Court for a review of plaintiff's complaint and amended complaints [Docs. #1, #3, and #6] pursuant to 28 U.S.C. § 1915A.

### 28 U.S.C. § 1915A

Title 28 U.S.C. § 1915A provides that the Court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court must identify cognizable claims and must dismiss the complaint, or any portion of the complaint, if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

1

may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## 42 U.S.C. § 1997e(g)(2)

Title 42 U.S.C. § 1997e(g)(2) provides that the Court may require any defendant to reply to a complaint brought by a prisoner pursuant to 42 U.S.C. § 1983 or any other federal law if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

## The complaint

Plaintiff seeks injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Ron Elkins, Unknown Kline, Dennis Mayberry, Melony Haney, Ian Wallace, Steve Larkin, and Cindy Griffith. Although not named as a defendant in the caption

of the complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure, it appears plaintiff also seeks relief against Jeff Terschluse.

Briefly, plaintiff alleges that he was denied due process of law in connection with a conduct violation he received for fraud. As a result of the fraud conduct violation, plaintiff was placed on administrative segregation for approximately sixty days while the violation was investigated. After a disciplinary hearing, plaintiff was given ten days disciplinary segregation, but the time plaintiff spent on administrative segregation was credited towards his disciplinary segregation sentence.

Plaintiff also alleges that he was issued a conduct violation for possessing an intoxicating substance. Plaintiff asserts that defendant Terschluse falsified the test results of the allegedly intoxicating substance because defendant Terschluse was retaliating against plaintiff for grievances plaintiff had filed against him. Plaintiff was found guilty of this violation, placed on disciplinary segregation for ten days, and was placed on additional unspecified sanctions or restrictions for a period of sixty days.

**Discussion**

A review of the complaint indicates that plaintiff's claims of retaliation in violation of the first amendment survive review under 28 U.S.C. § 1915A and should not be dismissed at

this time. Therefore, the Court will order that defendants Elkins, Haney, Griffith, and Terschluse reply to the complaint.

Plaintiff's claims concerning the denial of due process in connection with the fraud conduction violation, however, should be dismissed. The transfer of an inmate to less amenable and more restrictive quarters for either punitive or administrative reasons does not implicate the due process clause unless the state has created, by statue or regulation, a liberty interest and the restraints placed on the prisoner impose "atypical and significant" hardship on him in relation to the ordinary incidents of prison life. <u>Sandin v. Conner</u>, 515 U.S. 472, 484-85 (1995).

Plaintiff contends that a mental health treatment plan designed to help plaintiff comply with institutional rules and regulations by specifying when plaintiff can progress through the different levels of confinement creates a protected liberty interest. Assuming for the sake of argument that the treatment plan creates a protected liberty interest, plaintiff has failed to allege any facts indicating that the restraints imposed upon him were "atypical and significant" in relation to the ordinary incidents prison life. Because plaintiff has failed to establish that his confinement was "atypical and significant," he has failed to state a due process claim stemming from the fraud conduct violation. Therefore, plaintiff's claims against these defendants Kline, Mayberry, Wallace, and Larkin should be

dismissed pursuant to 28 U.S.C. § 1915A.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall add Jeff Terschluse as a defendant in this case.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint defendants Elkins, Haney, Griffith, and Terschluse.

**IT IS FURTHER ORDERED** that after either being properly served with a copy of the complaint or filing a waiver of service, defendants Elkins, Haney, Griffith, and Terschluse shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint to defendants Kline, Mayberry, Wallace, and Larkin because the complaint is legally frivolous or fails to state a claim upon which relief may be granted with regard to these defendants. See 28 U.S.C. § 1915A.

An appropriate order shall accompany this order and memorandum.

Dated this 14th day of June, 2006.

_____
**UNITED STATES DISTRICT JUDGE**