# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BILL HERRON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:06CV627(CDP) |
| RON ELKINS, et al., | ) ) ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

Plaintiff has filed a motion to reconsider the Court's order partially dismissing his complaint pursuant to 28 U.S.C. § 1915A. That previous order directed that process issue to defendants Elkins, Haney, Griffith and Terschluse on plaintiff's claim that a conduct violation he received was based on falsified test results and was issued in retaliation for plaintiff filing a grievance. The order, however, dismissed plaintiff's claims against defendants Kline, Mayberry, Wallace, and Larkin.

### The motion

In his motion to reconsider, plaintiff contends that the Court erred in dismissing his claims against defendants Kline, Mayberry, Wallace, and Larkin. Plaintiff argues that the prison's policy to house two inmates in each administrative or disciplinary segregation cell creates a "pervasive risk of harm" when the inmates

are transported from one area to another. Plaintiff maintains that this "pervasive risk of harm" constitutes an "atypical and significant hardship" that creates a liberty interest protected by the due process clause.

Specifically, the prison requires that each inmate be handcuffed while being transported from place to place. As described in the complaint, the handcuff procedure is for one inmate in the cell to approach the "food port" in the cell door and to place his hands through the "food port" in order to be handcuffed by a guard outside the cell door. During this time, the second inmate remains unrestrained in the cell. Plaintiff alleges that there have been a "number" of cases where the handcuffed inmate was attacked by the unrestrained inmate. Because of this potential for attack, plaintiff argues that confinement in administrative or disciplinary segregation creates a "pervasive risk of harm" that is "atypical or significant" in relation to ordinary prison life. Additionally, plaintiff contends that he has arthritis in his shoulder and that handcuffing him behind his back violates the eighth amendment.

## Discussion

I will deny Plaintiff's motion to reconsider. The practice of placing two inmates in a cell is not a unique or unusual situation within the Missouri Department

of Corrections.[1] In short, there is nothing "atypical" about a Missouri inmate like plaintiff having to share a cell with another inmate.

In an attempt to establish that his confinement in administrative and disciplinary segregation was "atypical," plaintiff claims that the two-man cell handcuff procedure violated his eighth amendment right to be protected from a substantial risk of harm from other inmates. See Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998) (prison official violates the eighth amendment if official is deliberately indifferent to need to protect an inmate from a substantial risk of harm of serious harm from other inmates). Namely, that while plaintiff was in handcuffs, his unrestrained cellmate could – theoretically – attack him.

To establish an eighth amendment claim, plaintiff must establish both that the situation presented a substantial risk of serious harm (the objective component) and that the defendants recklessly disregarded a known excessive risk of serious harm to the plaintiff's health or safety (the subjective component). Berry v. Sherman, 365 F.3d at 634; Jackson v. Everett, 140 F.3d at 1151-52. In the case at hand, the Court finds that plaintiff's complaint does not allege either a sufficiently

---

[1] The Court bases its finding on the numerous prisoner complaints filed by state prisoners asserting two-man cell issues. See e.g., Berry v. Sherman, 365 F.3d 631, 632 (8th Cir. 2004) (Missouri inmate housed with a roommate); Larson v. Kempker, 414 F.2d 936, 938 n.2 (8th Cir. 2005) (Missouri inmate housed in a two-man cell).

3

serious risk of attack or deliberate indifference by the named defendants.

The mere possibility that the handcuff procedure could lead to an attack does not, by itself, satisfy the objective component of an eighth amendment claim. Plaintiff's allegation that an unspecified "number" of attacks have occurred in this manner is simply too vague to infer that such attacks occur with a frequency necessary to state a "failure to protect" claim. Moreover, plaintiff does not allege that his cellmate had threatened him or that he actually had reasons to fear an attack by his cellmate. Finally, plaintiff has failed to allege that the named defendants had actual knowledge of the allegedly dangerous risk yet failed to address it. Indeed, the selection and placement of inmates who bear no obvious animus towards each other into the same cell would seem to defeat the "deliberate indifference" element of plaintiff's eighth amendment claim – even if such screening did not prevent all inmate attacks.

With regard to plaintiff's claim that being handcuffed is painful because he suffers from arthritis, the Court assumes that this is true whenever plaintiff is handcuffed – such as when he is transferred from one institution to another, when he is transported to court or when he is taken to the hospital. In sum, an inmate being placed in handcuffs while confined in a facility operated by the Missouri Department of Corrections is not a situation that is unique to confinement in

4

administrative or disciplinary segregation.  Therefore, being placed in handcuffs – and suffering shoulder pain as a result of being placed in handcuffs – is not "atypical" or "unusual" in connection with ordinary prison life.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider [Doc. #15] is **DENIED**.

Dated this 5th day of July, 2006.

_____
**UNITED STATES DISTRICT JUDGE**