UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILL HERRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV627 CDP |
| ) | |
| RON ELKINS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on several motions. State prisoner Bill Herron brings this pro se 42 U.S.C. § 1983 action against defendant prison officials, alleging falsification of test results in retaliation for filing a grievance. He requests a preliminary injunction, appointment of counsel, certification of a class, and an expedited hearing. Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that plaintiff failed to exhaust the prison administrative grievance system and that defendants are protected from suit in their official capacities by qualified immunity. Plaintiff opposes dismissal and alternatively seeks summary judgment in his favor. Because the evidence supports defendants' argument that administrative remedies have not been exhausted as to all named defendants, I will dismiss this case without prejudice. All other pending motions will be denied.

I.  **Background**

Plaintiff Bill Herron is currently incarcerated at the Potosi Correctional Center. Defendants Ron Elkins, Melony Haney, Cindy Griffith, and Jeff Terschluse are prison officials at that facility. On April 13, 2006, Herron filed this suit seeking monetary and injunctive relief, alleging multiple violations of his constitutional rights.

I previously reviewed the complaint under 28 U.S.C. § 1915A and found that certain claims were legally frivolous or failed to state a claim upon which relief could be granted. I affirmed my partial dismissal of these claims in response to Herron's motion for reconsideration. The non-frivolous claim that remains is a claim of retaliation in violation of the first amendment. Herron was issued a conduct violation for possessing an intoxicating substance. He alleges that the test results on the beverage containers removed from his cell were falsified in retaliation for a previous grievance he filed. After a disciplinary hearing, Herron was found guilty of the violation. In his complaint, Herron indicates that he has fully exhausted administrative remedies.

II.  **Discussion**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a

motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the court must assume the factual allegations of a complaint are true and must construe those allegations in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Defendants have moved for dismissal, arguing that this suit is barred by Herron's failure to exhaust administrative remedies as mandated by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). They also assert immunity from suit under the Eleventh Amendment and therefore seek dismissal of the allegations brought against them in their official capacities.

Herron argues that exhaustion is not required because the issue in this case is excluded from grievable issues by Missouri statute. Defendants disagree and argue that the provision upon which Herron relies is inapplicable here.[1] I agree.

---

[1] Plaintiff requests that the court strike defendants' reply brief for advancing a new argument that claims of retaliation are listed as grievable issues pursuant to the Grievance Policy of the Missouri Department of Corrections. Because this is not a new argument, but is simply a reiteration of defendants' failure to exhaust argument, I will deny plaintiff's motion to strike.

Herron is required to exhaust administrative remedies and he has failed to do so. Because this case can be decided on the issue of exhaustion of administrative remedies alone, I need not decide defendants' second argument concerning immunity.

The PLRA requires a prisoner to exhaust administrative remedies before filing suit: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress's goal in enacting this statute was "to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524-25 (2002). Administrative remedies could eliminate the need for further litigation, weed out frivolous claims, or, at the least, create an administrative record for use in court. Id. at 525. "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 741 (2001)). "[A]n inmate must exhaust administrative remedies *before* filing suit in federal court. . . . If exhaustion was not completed at the time

of filing, dismissal is mandatory." Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003).

Herron admits that he "did not file a grievance with respect to the disciplinary proceedings at issue in this case." However, he argues that his case should not be dismissed because disciplinary proceedings are excluded from grievable issues by Missouri statute: "The conduct of and order from a violation hearing ... are final and unappealable." §217.380.3, Mo. Rev. Stat. According to Herron, after being told by defendant Elkins that disciplinary proceedings are excluded from grievable issues and after reviewing the statute himself, he "did not pursue the disciplinary segregation claims at issue via the grievance procedure."

Herron correctly states that after review of his complaint the Court directed that process issue as to one claim: "that a conduct violation he received was based on falsified test results and was issued in retaliation for Plaintiff filing a grievance." A plain reading of this claim indicates that § 217.380.3, Mo. Rev. Stat., does not apply here. Although a disciplinary hearing was held on the conduct violation Herron received, his allegations concerning falsified test results are not based on anything that happened in the hearing or that resulted from it. He asserts that the results from the tests done on the substances removed from his cell were falsified. These tests were not 'conduct of' or an 'order from' the hearing.

Herron can not rely on § 217.380.3, Mo. Rev. Stat., to excuse his failure to exhaust administrative remedies.

Exhibits submitted by defendants and verified by the custodian of the grievance files at Potosi Correctional Center show that Herron has not exhausted administrative remedies. In his response to defendant's motion to dismiss, Herrron admits to not having filed grievances related to "the disciplinary proceedings at issue" here. Defendants assert that the claims raised by Herron are based on four prison grievances: PCC-05-603, PCC-05-676, PCC-06-31, and PCC-06-258. None of these grievances mention defendant Ron Elkins by name. One of the four grievances, PCC-06-258, was never appealed. Herron argues that these four grievances are irrelevant to the issues of this case.

In addition, Herron asserts that he was not required to file a grievance appeal after being told by defendant Elkins that his claim was excluded from grievable issues by statute. According to the Eighth Circuit, prisoners are only excused from complying with an institution's grievance procedures "when officials have prevented prisoners from utilizing the procedures ... or when officials themselves have failed to comply with the grievance procedures." Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005)(internal citations omitted). Herron does not allege that he was thwarted from filing a grievance, and his

subjective belief that the claim was excluded from the grievance process is not determinative. Id. Statements allegedly made by Elkins to Herron do not excuse Herron's failure to exhaust administrative remedies.

Section 1997e(a)'s requirement of exhaustion of administrative remedies is mandatory and applies to all inmate suits about prison life. Porter, 534 U.S. at 524, 532. "[A] prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in at least one of the grievances." Abdul-Muhammad v. Kempker, 450 F.3d 350, 352 (8th Cir. 2006). Dismissal is proper when a plaintiff fails to exhaust pursuant to § 1997e(a) based on the inmate's failure to identify by name, during the grievance process, each individual defendant later sued in federal court. Id. at 351-52.

None of the four grievances filed by Herron mention Elkins by name. In the absence of specific notice to Elkins during the prison grievance process, Herron has failed to completely exhaust his claims as to each defendant named in the complaint. Therefore, this suit is dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#24] is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's motion to withdraw his memorandum filed April 24, 2006 [#5] is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendants' reply brief [#34] is DENIED.

**IT IS FINALLY ORDERED** that all other pending motions are denied as moot.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2006.